UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

FILED
CHARLOTTE, NC

NOV 25 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| Benjamin B. Bowman | Case No. 3:24-cv-1027-FDW |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ✔ Yes ☐ No |
| -v- | |
| Atrium Health | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

# COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Benjamin B. Bowman |
   | Street Address | |
   | City and County | |
   | State and Zip Code | |
   | Telephone Number | |
   | E-mail Address | benclt820@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Atrium Health
- Job or Title *(if known)*:
- Street Address: 1043 East Morehead Street, Suite 201
- City and County: Charlotte; Mecklenbury
- State and Zip Code: North Carolina 28204
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[4] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964; Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.; Rehabilitation Act of 1973; Equal Protection Clause, 14th Amendment; (ADA),42 U.S.C. § 12112(b)(5)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* Atrium Health, is incorporated under the laws of the State of *(name)* North Carolina, and has its principal place of business in the State of *(name)* North Carolina.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On March 26, 2024, Plaintiff applied for the Marketing Strategist role with Atrium Health. Plaintiff was highly qualified for the position, holding two masters degrees an MBA from The University of Notre Dame and a Master of Science in Journalism from Northwestern University along with an elementary teaching certificate from Northwestern University and coursework in social work and public policy from The University of Chicago. Plaintiffs professional experience includes serving as an elementary school teacher, a television news and investigative reporter for ABC, NBC, and Fox local affiliate news stations, and later transitioning into marketing and corporate strategy. (Additional pages are attached)

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory damages: $3.5 million; Punitive damages: $4.5 million; Injunctive relief: Plaintiff requests that the Court order Atrium Health to: (a) Implement anti-discrimination training focused on the Americans with Disabilities Act (ADA) and Title VII compliance for all hiring managers and HR personnel (b) Adopt clear and transparent procedures for handling disability disclosures during the hiring process (c) Create an ADA compliance officer position responsible for ensuring equitable treatment of neurodiverse candidates. Attorneys fees, costs, and expenses as allowed by law; Any other relief deemed just and equitable by this Court.

Declaratory Judgment: Plaintiff seeks a declaratory judgment that Atrium Health violated the ADA, Title VII, and the Rehabilitation Act. Basis for Claimed Damages; Plaintiffs requested relief is based on: (a) Continuing Harm: The emotional, psychological, and professional harm caused by Atriums actions persists to the present, as evidenced by ongoing medical treatment and therapy (b) Egregious Conduct: Atriums refusal to engage in meaningful resolution discussions, despite having ample time and minimal documentation to review, reflects bad faith and a disregard for Plaintiffs rights (c) Deterrence: Punitive damages are warranted to deter Atrium and others from engaging in similar conduct, given the egregious nature of their actions.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/25/24

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Benjamin B. Bowman

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

**Benjamin B. Bowman, Plaintiff**
v.
**Atrium Health, Defendant**

**COMPLAINT**
**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is a civil action brought by Plaintiff Benjamin B. Bowman against Defendant Atrium Health for violations of federal and state laws prohibiting discrimination in employment based on disability, race, and age. Plaintiff seeks compensatory and punitive damages, injunctive relief, and other remedies for the harms caused by Defendant's discriminatory practices.

2. Plaintiff, a highly qualified journalist and business professional, disclosed his disability during Atrium's hiring process, expecting compliance with federal laws ensuring equal treatment for applicants with disabilities. Instead, Plaintiff faced discriminatory treatment, including immediate cessation of communication after disclosure, which resulted in severe mental health impacts.

3. Defendant's discriminatory actions violate the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), and North Carolina anti-discrimination statutes.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it involves questions of federal law under the ADA, Title VII, and the ADEA. Supplemental jurisdiction is also proper for Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims occurred within this District, and Defendant conducts substantial business within this jurisdiction.

**PARTIES**

6. Plaintiff Benjamin B. Bowman is an adult citizen of North Carolina, residing in Charlotte, North Carolina. Plaintiff is a Black male over the age of 40 and is neurodiverse, meeting the definition of an individual with a disability under the ADA.

7. Defendant Atrium Health is a healthcare organization headquartered in Charlotte, North Carolina. Atrium employs more than 15 individuals and is subject to the requirements of the ADA, Title VII, and the ADEA.

**FACTUAL ALLEGATIONS**

8. On March 26, 2024, Plaintiff applied for the Marketing Strategist role with Atrium Health.

9. Plaintiff was highly qualified for the position, holding two master's degrees—an MBA from The University of Notre Dame and a Master of Science in Journalism from Northwestern University—along with an elementary teaching certificate from Northwestern University and coursework in social work and public policy from The University of Chicago. Plaintiff's professional experience includes serving as an elementary school teacher, a television news and investigative reporter for ABC, NBC, and Fox local affiliate news stations, and later transitioning into marketing and corporate strategy. In these roles, Plaintiff advised Fortune 100 corporations on crisis management, public relations, and reputation management. Plaintiff has also been invited to share his expertise through professional lectures at Wake Forest University's MBA program and Georgia State University's Department of Strategic Communications, further underscoring his recognized leadership and subject matter expertise.

10. On March 27, 2024, during the hiring process, Plaintiff disclosed his disability, seeking reasonable accommodations for effective communication. Atrium also had access to Plaintiff's professional email, which contained a profile picture reflecting visible characteristics such as age, race, and gender.

11. Following this disclosure, Atrium ceased all communication with Plaintiff, despite his repeated follow-ups. Atrium has not provided an explanation for its cessation of communication.

12. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on September 18, 2024, alleging disability, race, and age discrimination.

13. On September 25, 2024, the EEOC issued a Right to Sue letter, giving Plaintiff until December 24, 2024, to file this action.

14. Atrium engaged in bad faith strategies and tactics for more than 69 days after being notified of the Plaintiff's EEOC claim. Despite receiving a flexible timeline proposal from the Plaintiff—designed to facilitate meaningful resolution discussions 78 days after Atrium was first notified of the EEOC complaint—Atrium refused to commit to or propose any alternative timeline. The limited volume of emails exchanged between the Plaintiff and Atrium, which were included in the Plaintiff's demand letter, further underscores the lack of complexity requiring such protracted delays.

    Atrium Health rejected opportunities to engage constructively, even with the knowledge that the Plaintiff's EEOC Right to Sue letter expires on December 24, 2024, over the holiday season. Instead, Atrium characterized the Plaintiff's efforts to introduce planning, structure, and clarity into the resolution process as 'premature,' further reinforcing a perception of bad faith and intentional delay.

15. As a result of Atrium's actions, Plaintiff has experienced severe mental health impacts, including increased anxiety and clinical depression, leading to an increase in prescribed medication.

**CLAIMS FOR RELIEF**

**COUNT I: DISABILITY DISCRIMINATION (ADA)**

16. Plaintiff incorporates by reference all preceding paragraphs.

17. Defendant violated the ADA by failing to engage in the interactive process, ceasing communication after Plaintiff's disclosure of a disability, and refusing to provide reasonable accommodations.

18. Defendant's actions were willful, deliberate, and part of a pattern or practice of discrimination against similarly situated individuals.

## COUNT II: RACE AND GENDER DISCRIMINATION (TITLE VII)

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Plaintiff is a highly qualified Black male with significant professional experience and advanced academic credentials. Despite Plaintiff's qualifications, Defendant refused to interview him for the Marketing Strategist position after learning of his race, gender, and disability. This decision was made by a hiring manager who is also female, further indicating a preference that disadvantaged Plaintiff based on his gender

## COUNT III: AGE DISCRIMINATION (ADEA)

21. Plaintiff incorporates by reference all preceding paragraphs.

## COUNT IV: STATE LAW CLAIMS (UNFAIR AND DECEPTIVE TRADE PRACTICES, UDTPA)

22. Plaintiff incorporates by reference all preceding paragraphs.

23. Atrium Health's conduct, including but not limited to, misrepresentation, bad faith, and refusal to engage in meaningful dialogue while being aware of Plaintiff's disabilities, constitutes unfair or deceptive trade practices in violation of UDTPA.

24. Atrium's actions were in or affecting commerce, as the hiring process is a commercial activity involving the recruitment and employment of individuals in the healthcare sector.

25. The termination of communication following Plaintiff's disclosure of his intellectual disability, refusal to adhere to proposed timelines, and dismissal of Plaintiff's efforts to resolve the matter in good faith demonstrate a pattern of behavior intended to mislead, delay, and disadvantage Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory damages: $3.5 million
B. Punitive damages: $4.5 million
C. Injunctive relief: Plaintiff requests that the Court order Atrium Health to:

1. Implement anti-discrimination training focused on the Americans with Disabilities Act (ADA) and Title VII compliance for all hiring managers and HR personnel
2. Adopt clear and transparent procedures for handling disability disclosures during the hiring process
3. Create an ADA compliance officer position responsible for ensuring equitable treatment of neurodiverse candidates.

D. Attorneys' fees, costs, and expenses as allowed by law; Any other relief deemed just and equitable by this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

11/25/24
Respectfully submitted,

*[signature]*

Benjamin B. Bowman, MBA, MSJ
PO Box 184
Paw Creek, NC 28130